JUSTICE RICE
specially concurring.
¶20 I concur in the result reached by the Court, but would affirm the District Court on a different basis.
¶21 The District Court recognized the Whitefish Lake and Lakeshore Protection Regulations in effect for this property, which provide that “only one dock is allowed per waterfront property ownership,” and reasoned as follows:
The hereinabove cited applicable Whitefish Lakeshore Regulation makes it clear that only one dock can be maintained upon one waterfront property ownership. Accordingly, under the regulations, the community access area here is entitled to only one dock thereon. By provision of the Penwell Agreement, any dock so installed must be subject to use by all of the subject lot owners equally. [Ellingsons’] conduct makes this impossible.
The “conduct” by Ellingsons which makes common use of the dock impossible is their refusal to allow the other interest-holders to use the dock for general lake access. The Penwell Agreement provided the other holders with a “common access area” for “boat dockage or motoring,” but reserved to Ellingsons, as Penwell’s successor, the right to control dock construction. As a consequence of the Whitefish regulations allowing only one dock to be placed on . this property, *290 Ellingsons’ actions have effectively undermined the rights of the other holders under the Penwell Agreement to boat dockage. Ellingsons’ steadfast refusal to allow dock access left the District Court with little choice. Quite simply, under current regulation, any dock must be available to all. If it is not, the Penwell Agreement is violated, and the District Court reasonably required the dock to come out. Another solution may have been for Ellingsons to allow general access to the dock by the other holders.
¶22 Thus, in my view, the Court’s conclusion that “Ellingson erected his dock within the communal area and excluded all others from it, subject to limited exceptions^] [s]uch conduct interferes with the right reserved to other Rest Haven residents” (¶ 15) is, without more, too broadly stated. This conduct is impermissible only because of the single-dock limitation imposed by the Whitefish Lakeshore regulations. The evidence appears to support Ellingsons’ contention that there is ample room along the shoreline for construction of a second dock for the other residents, which would provide the dock access granted by the Penwell Agreement, but that is not allowed under the current regulations.
¶23 Although I disagree with the Court’s conclusion that construction of the dock itself by Ellingson is a violation of the Penwell Agreement, I concur with the decision of the Court to affirm the District Court.
JUSTICE COTTER and JUSTICE WARNER join in the concurring opinion of JUSTICE RICE.